*William G. Boardman et al.* v. *Elias G. Halliday et al.* IRA HARRIS, for complainants; L. H. SANDFORD, for assignees.

The chancellor decided in this case that an assignment of a debtor's property in trust for the payment of his debts, which confers upon the assignee a power to give future preferences among the creditors, or to pay the debts of the assignor in such order of priority as the assignees should judge most just and equitable, is fraudulent and void. *Assignment by debtor, with power to assignees to give preferences.*

Deputy sheriff; his power to act after resignation of sheriff

That the office of a deputy sheriff is vacated by the resig‑ nation of the sheriff; and that to enable a deputy *rightfully* to discharge the duties of the office under the person upon whom the duties of sheriff devolve, upon his resignation, (i. e. the under sheriff,) a new appointment must be made by the under sheriff, and recorded in the county clerk's office ; and the deputy must be resworn.

Officers *de facto*, and *de jure*.

That where there is but one office there cannot be an offi‑ cer *de jure* and an officer *de facto*, both in possession of the office at the same time.

That where an under sheriff is in the rightful possession of the office of sheriff, a *de facto* deputy of the former sher‑ iff cannot legally levy an execution. But that to make such levy valid as to third persons it must appear he was *de facto* in the exercise of the office of a deputy of the then acting sheriff.

Decree declaring assignment void as against complainants, so far as relates to the real estate upon which they had a lien or would have had a lien but for the assignment, and which had not been conveyed to a bona fide purchaser at the time of docketing their judgment. As to the rest of the property bill dismissed without prejudice &c. No costs to either party.